SWIFT, Judge.
This is principally a subrogation suit instituted by plaintiffs, American Motorist Insurance Company (American) and Joyce Stockstill, to recover damages from the defendants, Barbara Leger and her daughter, Katherine Guillot, which resulted to Mrs. Stockstill’s 1978 Ford from a collision with a truck while the automobile was being driven by Katherine Guillot. The defendants filed a third party demand against State Farm Mutual Automobile Insurance Company (State Farm), allegedly their own public liability insurer. The trial court held in favor of the plaintiffs on the main demand and dismissed the defendants’ third party demand against State Farm. The defendants have perfected this appeal. We affirm.
On November 10, 1977, Dale Stockstill, the son of Joyce Stockstill, drove his mother’s car to the residence of a friend, Brenda Duhon. Dale parked the automobile in Mrs. Leger’s driveway which was adjacent to Miss Duhon’s residence. While Dale was visiting with Miss Duhon, Katherine Guil-lot, a 15 year old unlicensed driver, got in the Stockstill automobile and drove away. The testimony as to whether or not she had permission to do so was conflicting. Subsequently, Miss Guillot collided with a truck owned by Institutional Foods Sales that was being driven by Warren Gardiner, Jr.
The principal demand is for $3,024 as the sum paid by American to Mrs. Stockstill for the total loss of the automobile, less its salvage value, and $100 as the amount of deductible paid by Mrs. Stockstill. Apparently, Katherine Guillot is Mrs. Leger’s daughter by a prior marriage, but she resided with Mr. and Mrs. Leger at the time of the accident. Mrs. Leger was her tutrix when the suit was filed, but Katherine Guil-lot was made a defendant upon reaching majority. The defendants contend in their third party demand that any liability on their part was covered under the policy of automobile liability insurance issued to Mr. Leger by State Farm.
No reasons for the judgment were given by the trial judge, but it is obvious he determined that the accident was caused through the negligence of Katherine Guillot and plaintiffs had established the full amount of the damages demanded. It is equally clear he found that Miss Guillot did not have permission to drive the Stockstill vehicle and therefore coverage was excluded by the following provision in State Farm’s policy:
“(b) with respect to non-owned automobiles,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission or reasonably believed to be with the permission, of the owner and is within the scope of such permission.”
The only issue raised by the defendants on appeal is whether or not the trial court erred in dismissing ■ the defendant’s third party demand. They contend Miss Guillot had actual permission, from Dale Stockstill and implied consent of Mrs. Leger to operate the car.
The evidence on this issue is in conflict. A court of appeal should not disturb the findings of the trial court when there is a conflict in the testimony unless it is clear they are “manifestly erroneous.” Canter v. Koehring Co., 283 So.2d 716 (La.1973). “Manifestly erroneous” in its simplest terms means “clearly wrong.” Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the record in the instant case reveals that the trial court’s factual determination in regard to permission is not clearly wrong.
*128 For the foregoing reasons, the judgment of the district court is affirmed. All court costs are assessed against the defendants-appellants, Barbara Leger and Katherine Guillot.
AFFIRMED.